UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PRAVJYOT CHAUHAN,

Petitioner,

v.

WARDEN, GOLDEN STATE ANNEX IMMIGRATION DETENTION FACILITY, *et al.*,

Respondents.

Case No. 1:26-cv-03794 (VC)

**ORDER DENYING AMENDED PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 24

Before the Court is Petitioner Pravjyot Chauhan's Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. *See* Dkt. No. 24. Though Petitioner accepts that his detention is controlled by 8 U.S.C. § 1226(a)—which authorizes the Government to detain certain non-citizens during the pendency of their removal proceedings—he maintains that the bond hearing he had before an immigration judge ("IJ") on July 14, 2026 was constitutionally defective in violation of his due process rights. *Id.* ¶¶ 40–57. For the reasons that follow, the Court denies the amended petition.

## I. BACKGROUND

Petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE") on May 8, 2026 at the Madera County Courthouse where he was appearing in regards to a criminal charge against him for battery on a spouse and possession of a controlled substance. Dkt. No. 25-1 at 15. Both parties agree that Petitioner's detention is properly controlled by 8 U.S.C. § 1226(a). *See* Dkt. No. 24 ¶ 2; Dkt. No. 25 at 1. Thus, Petitioner requested a custody redetermination hearing before an IJ on June 23, 2026. Dkt. No. 25-1 at 2–3.

Petitioner's hearing was scheduled for July 14, 2026 by the Immigration Court. Dkt. No.

1 ¶ 28. However, based on the record before the Court, Petitioner was not given notice of the hearing being scheduled until the morning of the hearing. *Id*. ¶ 33. As a result, Petitioner did not file any documents in support of his release on bond, nor did he have an opportunity to hire counsel to represent him at the hearing.

The IJ, however, attempted to remedy this issue. At the outset of the hearing, she informed Petitioner that it was his burden to demonstrate that he was not a flight risk or danger to the community, that he had a right to an attorney, and a right to appeal any adverse findings. Dkt. No. 26 ("Hearing Recording"), 0:00:40–0:00:59. Petitioner indicated that he understood these rights. *Id*. at 0:01:00. The IJ then observed that Petitioner had not filed any documents in support of his release on bond and was not represented. *Id*. at 0:01:02–0:01:33. Given this she gave Petitioner "two options": "you can go forward with your bond hearing today without an attorney and without documents … or you can withdraw your bond request today and then when you're ready we can schedule a bond hearing[.]" *Id*. In response Petitioner explained that "I'll just continue with it. I wasn't really … had any kind of prior notice that I was having a bond hearing today, so this was by surprise." *Id*. at 0:01:34–0:01:42. Interpreting this to mean that Petitioner would like to reschedule his hearing, the IJ asked, "so you would like to withdraw your bond request today and then whenever you're ready…". *Id*. at 0:01:42–0:01:50. He clarified, however, that he "would like to continue." *Id*.

Throughout the hearing, the IJ questioned Petitioner about his family ties in the United States, work history, tax history, criminal history, and prior immigration history. *Id*. at 0:01:58–0:11:10. Following the questioning, she stated that "unfortunately, the court is going to find that you have not met your burden[,]" denied release, and provided Petitioner with instructions on how he may appeal the decision. *Id*. at 0:11:11–0:12:06. The written order reflects this same finding and consists of a checked box stating "Denied, because Danger/Flight Risk." Dkt. No. 25-1 at 31.

## II. DISCUSSION

Petitioner contends that the bond hearing he was provided violated his due process rights

because (1) the burden of proof was placed on Petitioner to show that he was not a flight risk or danger to the community, (2) he was not provided with sufficient notice of the hearing, and (3) the IJ's final order did not state the applicable law and apply that law to the facts. *See* Dkt. No. 24 ¶¶ 42–46. In response, the Government argues that Petitioner received a constitutionally adequate bond hearing, and Petitioner should be required to exhaust his administrative remedies by appealing the IJ's order before seeking habeas relief. Dkt. No. 25 at 1–2. The Court rejects Respondents' exhaustion argument, but finds that the bond hearing did not violate his right to due process.

### A. Exhaustion

Immigration detainees are generally required to exhaust their administrative remedies prior to seeking habeas relief from a bond order. *See Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). In determining whether exhaustion is warranted, courts consider (1) whether "agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision," (2) whether "relaxation of the requirement would encourage the deliberate bypass of the administrative scheme," and (3) whether "administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (quoting *Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003)). However, a court may waive this requirement where (1) "administrative remedies are inadequate or not efficacious," (2) "pursuit of administrative remedies would be a futile gesture," (3) "irreparable injury will result," or (4) "the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004).

Waiving the prudential exhaustion requirement is appropriate here because Petitioner raises a due process challenge to the procedures employed at his bond hearing—specifically lack of notice, the appropriate burden of proof, and the IJ's failure to articulate her reasoning in her final order—rather than the IJ's findings of fact. "The BIA cannot correct that alleged procedural error under its own precedent, which holds the evidentiary burden to prove lack of dangerousness or flight risk in a bond hearing is on Petitioner, not the government." *Doroteo-*

*Chavez v. Noem*, No. 2:26-CV-00049-RFB-DJA, 2026 WL 1031190, at *6 (D. Nev. Apr. 16, 2026) (citing Rodriguez Diaz v. Garland, 53 F.4th 1189, 1197 (9th Cir. 2022)). Further, the BIA cannot review due process violations that may have occurred at the hearing. *See Rufino Ligario Hernandez*, 2026 WL 846037, at *8; *Yero v. U.S Gen. Att'y*, No. 1:26-CV-04312-DAD-JDP, 2026 WL 1707102, at *3 (E.D. Cal. June 12, 2026). As the BIA cannot correct these alleged constitutional violations, the Court proceeds to the merits of the petition.

**B. Due Process**

The Court finds that the bond hearing Petitioner received did not violate his due process rights based on the burden of proof applied at the hearing, lack of notice, or the legal standard the IJ applied. Turning first to the appropriate burden of proof, the Ninth Circuit has rejected the argument that due process requires the Government to justify detention under § 1226(a) by clear and convincing evidence. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1212 (9th Cir. 2022). Further, Petitioner has not presented any facts suggesting that the procedures under 8 U.S.C. § 1226(a), as applied to him, required a shifting of the burden of proof under his particular circumstances. Accordingly, it was not a violation of due process for the IJ to require Petitioner to present evidence demonstrating that he was not a flight risk or danger to the community at his bond hearing.

The apparent lack of notice with respect to the date and time of the bond hearing did not violate Petitioner's due process rights either. The IJ made clear that Petitioner could reschedule his hearing so that he could gather and submit evidence to the court. Indeed, at the outset of the hearing, the IJ assumed Petitioner would want to proceed this way as he was unrepresented and had not submitted evidence. After providing multiple opportunities for Petitioner to withdraw his hearing request and reschedule it for a later date, Petitioner made clear that he would like to go forward with the bond hearing anyways.

The Court further finds that the IJ did not abuse its discretion in finding that Petitioner was a flight risk and danger to the community. The habeas court's review of an IJ's bond decision is for abuse of discretion, and a court may only determine whether the IJ applied the

correct legal standard, not reweigh evidence. *See Martinez v. Clark*, 124 F.4th 775, 779, 784–785 (9th Cir. 2024). IJ's may consider a number of factors when making bond determinations, including:

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

*In re Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006).

Here, the IJ elicited testimony from Petitioner about a number of these factors, including extensive questioning about his family ties in the United States, work history, tax history, criminal history, and prior immigration history. From this, she concluded that release on bond was not proper. Though her order, which she provided orally, did not provide an explanation, the questioning throughout the hearing indicates that she was applying the standard above, and the recording of the hearing amply supports a conclusion that Petitioner is a danger. This is sufficient under the abuse of discretion standard.

## III. CONCLUSION AND ORDER

For the foregoing reasons, Petitioner's amended petition for writ of habeas corpus is DENIED. The Clerk of Court is directed to close this case and enter judgment for Respondents. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: October 1, 2026

VINCE CHHABRIA
United States District Judge